IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BOBBY JOE EVENS,**<br>    **ID # 1995944,**                  )<br>           Petitioner,                    )<br>vs.                                                )<br>                                                     )<br>**LORIE DAVIS, Director,**            )<br>**Texas Department of Criminal**  )<br>**Justice, Correctional Institutions Division,**  )<br>           Respondent.                )  | No. 3:17-CV-2512-M-BH<br><br><br><br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

**I. BACKGROUND**

Bobby Joe Evens (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for possession with intent to manufacture or deliver a controlled substance. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.    Procedural History**

On May 27, 2011, the State of Texas indicted Petitioner for possession with intent to manufacture or deliver a controlled substance in Cause No. 27364. (*See* doc. 22-16 at 6.)[1] He pleaded not guilty and was tried before a jury in the 196th Judicial District Court of Hunt County, Texas. On April 10, 2015, the jury convicted him, and he was sentenced to 75 years' imprisonment.

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*See id*. at 116.)  The judgment was affirmed on appeal.  (*See* doc. 22-4 at 11); *see Evens v. State*, No. 06-15-00081-CR, 2015 WL 7563310 (Tex. App. – Dallas Nov. 25, 2015).  His petition for discretionary review was refused on April 13, 2016.  (*See* doc. 22-15); *see Evens v. State*, PD-1688-15 (Apr. 13, 2016).

Petitioner's state habeas application was signed on July 13, 2016, and received by the state court on July 19, 2016.  (*See* doc. 22-41 at 4, 22.)  It was denied without written order on September 7, 2016.  (*See* doc. 22-37); *see Ex parte Evens*, WR-85,431-02 (Tex. Crim. App. Sept. 7, 2016).  He filed a *Motion for Leave to Amend Original 11.07 Habeas Corpus Application*, which was signed on September 18, 2016, and received by the state court on September 21, 2016.  (*See* doc. 22-38 at 1, 2.)  The motion stated that the State's answer to his petition raised issues that needed to be addressed.  The motion sought to present additional facts and issues, and it stated that it was not filed to delay the habeas proceeding.  (*See id*. at 1.)  Although the motion stated that the amended habeas application was attached to the motion, state court records do not show that an amended habeas application was included with the motion.  (*See id*. at 2.)  The motion was dismissed on September 29, 2016.  (*See id*. at 1.)

**B.**     **Substantive Claims**

Petitioner's federal petition was signed on September 12, 2017, and received on September 19, 2017.  (*See* doc. 1 at 1, 32.)  He filed an amended petition that raises the following grounds:

(1)    Trial counsel was ineffective for failing to:

(a) request a correct jury instruction;

(b) preserve error in the admission of extraneous offenses;

(c) investigate a federal proffer agreement that prevented the use of his federal testimony against him in his state trial;

2

  (2)  The court erred in admitting into evidence the transcript of his federal testimony;

  (3)  The court erred in allowing testimony about his extraneous offenses;

  (4)  The court erred in denying his motion for the appointment of new counsel

(*See* doc. 9 at 6, 11, 14, 16.)  Respondent filed a response, and Petitioner filed a reply. (*See* docs. 21, 23.)

## II.  STATUTE OF LIMITATIONS

  Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

**A.**  **Calculation of One-Year Period**

  The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the factual predicate for Petitioner's claims either became known or could have become known prior to the date his judgment became final.[2] His petition for discretionary review was refused on April 13, 2016. The judgment became final on July 12, 2016, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). He therefore had until July 12, 2017, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas application was signed and deemed mailed on July 13, 2016, and it was denied on September 7, 2016. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). The limitations period was tolled for 57 days while the state application was pending, making his federal petition due no later than September 7, 2017.

Petitioner's motion for leave to amend his habeas application did not toll the limitations period. Statutory tolling for the pendency of a state habeas application continues if the petitioner files a motion for reconsideration. *See Hooks v. Quarterman*, 224 F. App'x 352, 353-54 (5th Cir.

---

[2] He has not alleged an unconstitutional state-created impediment that prevented him from filing his federal petition or any new constitutional right.

4

2007); *Emerson v. Johnson*, 243 F.3d 931, 934 (5th Cir. 2001). Petitioner's motion for leave to amend his habeas application was not a motion for reconsideration because it did not ask the Court of Criminal Appeals to reconsider the habeas application, but instead sought to amend it.

"In general, when an applicant files amended or supplemental pleadings raising additional claims before [the Court of Criminal Appeals has] disposed of his pending application, [the court] considers the merits of his claims, so long as the pleadings comply with the rules and procedures in Article 11.07 and Rule of Appellate Procedure 73.1, and so long as the claims are otherwise cognizable and ripe for review." *Ex parte Saenz*, 491 S.W.3d 819, 824 (Tex. Crim. App. 2016). "Article 11.07 permits [the court's] consideration of amended or supplemental claims filed by an applicant before final disposition of an application." *Id*. at 825. Because Petitioner's motion for leave to amend was filed after his habeas application was denied, it was not properly filed and did not toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (for a state habeas application to toll the limitations period, it must be properly filed in compliance with applicable state laws and rules governing such filings). Further, because Petitioner's motion for leave to amend "sought permission to proceed rather than review of his conviction and sentence, it did not trigger § 2244(d)(2) tolling." *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015) (motion for leave to file a motion for state postconviction relief did not statutorily toll the limitations period).

Petitioner filed his § 2254 petition on September 12, 2017, the date that it was mailed,[3] five days after the limitations period expired. It is therefore untimely.

C.  **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate

---

[3]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

5

exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Petitioner asserts that he only receives a limited amount of funds from a family member at unscheduled times, and that he received funds on September 5, 2017, after not having received funds in the previous three months. (*See* doc. 23 at 7.) Also, on September 4, 2017, his unit received over 450 inmates for temporary housing due to flooding from a hurricane at their prison units, which

hindered the normal operation of his prison unit. Prisoners could only go to the commissary to purchase postage stamps on certain days based on the building and section in which they were housed. (*See id*.) He alleges that his petition was prepared to be mailed on September 6, 2017, but he was not authorized to go the commissary until September 12, 2017. (*See id*. at 7, 8.)

Petitioner's certificate of inmate trust account, filed on September 19, 2017, shows that $100 was deposited in his account in July 2017, and $75 was deposited in his account in August 2017. (*See* doc. 6.) Within the two months before his federal petition was due, he had sufficient funds to purchase stamps to mail his petition. Even if he did not have funds, he does not allege that he sought to obtain stamps for legal mail as an indigent prisoner. He has not shown that he could not have filed his federal petition before the September 5, 2017 deposit to his inmate trust account due to lack of funds.

Regarding the alleged inability to go to the commissary from September 4, 2017, until September 12, 2017, Petitioner is not entitled to equitable tolling because he has not shown that he diligently pursued his rights. "[A] component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry. *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007) (filing on the last day and encountering a ... computer problem that prevent filing showed a lack of diligence); *see also Schmitt v. Zeller*, 354 F. App'x 950, 951-52 (5th Cir. 2009). Petitioner waited one year from the denial of his state habeas application on September 6, 2016, to file his federal petition in September 2017. By using the entire year of the limitations period to file his petition, he left "little margin in the event of an error." *Brown v. Thaler*, No. 3:09-CV-1113-G, 2010 WL 779260 at *4 (N.D. Tex. Mar. 4, 2010). Petitioner is not entitled to equitable tolling, and his petition is barred by the statute of

7

limitations. *See Webb v. Dretke*, 165 F. App'x 375 (5th Cir. 2006) (petitioner not entitled to equitable tolling for petition that was five days late where there was almost a two-week delay between the date he delivered his state habeas application to the prison mail system and the date that it was filed in state court because he was not diligent in waiting 11 months to seek post-conviction relief).[4]

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED** on this 14th day of June, 2019.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] *Webb* was decided before the Fifth Circuit held in *Richards* that the mailbox rule applies to state habeas applications filed by *pro se* prisoners.