IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY JOE EVENS,<br>    ID # 1995944,<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)   No. 3:17-CV-2512-M<br>)<br>)<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of the Fifth Circuit Court of Appeals filed May 26, 2020 (doc. 34), this matter was remanded for a determination of whether a Certificate of Appealability (COA) should issue in connection with the July 11, 2019 order denying the petitioner relief under Federal Rule of Civil Procedure 59(e) (doc. 28). Based on the relevant findings and applicable law, a COA should be **DENIED**.

### I. BACKGROUND

On September 19, 2019, Bobby Joe Evens (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for possession with intent to manufacture or deliver a controlled substance. (*See* doc. 1.) The petition was denied with prejudice as barred by the statute of limitations, and a COA was denied, on July 8, 2019. (*See* docs. 24, 25, 26.)

Also on July 8, 2019, but after entry of judgment, objections to the recommended denial of the petition as time-barred were received from Petitioner. (*See* doc. 27.) After reviewing *de novo* the portions of the recommendation to which Petitioner had objected, the Court determined that the

---

[1]By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

objections had no impact on the denial of the petition as time-barred. (*See* doc. 28 at 1.) Construing Petitioner's objections as a motion under Federal Rule of Civil Procedure 59(e), it also denied the motion for failing to demonstrate the existence of an intervening change in controlling law, previously unavailable evidence, clear error of law, or a manifest injustice. (*See id.* at 2.)

On August 12, 2019, Petitioner appealed to the Fifth Circuit Court of Appeals, and it remanded this case on May 26, 2020, "for the limited purpose of allowing the district court to decide in the first instant whether to issue a COA in connection with its July 11, 2019 order denying Rule 59(e) relief." (docs. 29, 34.)

## II. CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability under Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c), a petitioner must show (1) that reasonable jurists would find the Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2] Petitioner has not met his burden for the reasons set forth in the July 11, 2019 order overruling his objections and denying him relief under Rule 59(e) (doc. 28), as well as those set forth in the June 14, 2019 Findings, Conclusions and Recommendation filed in this case (doc.

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
(b) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

24). His petition was untimely, and he has not shown entitlement to equitable tolling. (*See id.*)

### III. RECOMMENDATION

A Certificate of Appealability in connection with the July 11, 2019 order in this case should be **DENIED**.

**SIGNED on this 29th day of May, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE